■ STEVEN HADDOCK, Plaintiff, v FORDHAM COMMERCIAL REDEVELOPMENT CORP. et al., Defendants. HERBERT CONSTRUCTION CO., INC., et al., Third-Party Plaintiffs-Appellants, v G.C. MONACO & DAUGHTER, INC., Third-Party Defendant-Respondent. [669 NYS2d 215] —Order, Supreme Court, New York County (David Saxe, J.), entered on or about September 12, 1996, which granted the motion of third-party defendant G.C. Monaco & Daughter, Inc. for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, with costs, the motion denied and the third-party complaint reinstated.

In this personal injury action, where plaintiff, an employee of the electrical subcontractor Monaco, tripped and fell over some construction debris at the work site, questions of fact are presented as to who was responsible for maintaining the scene of the accident, which plaintiff was unable to identify with any specificity. Since much of the possible evidence on this issue appears to be within the knowledge of Monaco or its employees, the third-party plaintiffs should be permitted additional

discovery. As to the applicability of the broad indemnification clause in the subcontract with Monaco, determination of that issue must await the finding and apportionment of liability, if any, between the third-party plaintiffs and Monaco (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786). Concur—Sullivan, J. P., Wallach, Tom and Andrias, JJ.