■ NICOLO SORISI et al., Respondents, v NINETEEN NEW YORK PROPERTIES et al., Appellants, et al., Defendant. (And a Third-Party Action.) [695 NYS2d 410] —In an action to recover damages for personal injuries, etc., the defendants Nineteen New York Properties and The Gap, Inc., appeal from an order of the Supreme Court, Queens County (Milano, J.), dated July 20, 1998, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified by deleting the provision thereof denying those branches of the appellants' motion which were for summary judgment dismissing the causes of action under Labor Law §§ 200 and 240 (1) and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The appellants failed to make out a prima facie showing that the lighting at the job site sufficiently complied with the requirements of 12 NYCRR 23-1.30. Since they failed to do so, their application for summary judgment was properly denied as to the plaintiffs' claim under Labor Law § 241 (6) (*see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320).

We agree with the appellants that the claim of the plaintiff Nicolo Sorisi under Labor Law § 240 (1) was clearly without merit, as his injury did not arise from an elevation-related hazard (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494). Further, the appellants also established that they were entitled to summary judgment on the Labor Law § 200 claim because they did not exercise supervisory control over the demolition or removal work in which the injured plaintiff was engaged, or over the job site generally (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877). The plaintiffs' opposition papers were insufficient to raise a triable issue of fact as to whether the appellants had the authority to control the activity bringing about the injury (*cf., Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 506). Accordingly, they are entitled to summary judgment dismissing the plaintiffs' claims under those sections of the Labor Law. S. Miller, J. P., O'Brien, Friedmann and Florio, JJ., concur.