■ GARY CHUN et al., Respondents, v ECCO III ENTERPRISES, INC., Defendant and Third-Party Plaintiff-Appellant. AGAM CONSTRUCTORS, INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [701 NYS2d 910] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated October 2, 1998, as denied its motion for summary judgment dismissing the complaint, or, in the alternative, for summary judgment against the third-party defendant, Agam Constructors, Inc., on its causes of action for contractual indemnification and to recover damages for breach of contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant claims that it is entitled to summary judgment on its contractual indemnity claim. We disagree. The determination as to the applicability of the indemnification clause in the subject subcontract cannot be made until there is a finding and apportionment of liability between the appellant, the general contractor, and the third-party defendant, the subcontractor (see, Haddock v Fordham Commercial Redevelopment Corp., 247 AD2d 327). Since there has been no finding made with respect to the parties' respective fault, if any, for the

underlying injury, any award of summary judgment at this juncture would be premature (*see, Maxwell v Toys "R" Us,* 258 AD2d 630).

The defendant's remaining contentions are without merit. Santucci, J. P., Joy, Goldstein and Feuerstein, JJ., concur.