■ NICHOLAS LUCAS et al., Respondents, v KD DEVELOPMENT CONSTRUCTION CORPORATION et al., Appellants, and MERCEDES D. CRUZATTI, Respondent. (And a Third-Party Action.) [752 NYS2d 718] —In an action to recover damages for personal injuries, etc., the defendants KD International Development Corp. and Sanford Tower Associates appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated March 13, 2001, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified by deleting the provisions thereof denying that branch of the motion which was for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6) insofar as it is based on a violation of 12 NYCRR 23-1.29 and all related cross claims, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The injured plaintiff, a construction worker, was assigned by his employer to act as a flagman. It was early morning and still dark outside. The injured plaintiff was struck by a car as

he was walking on the street adjacent to the work site towards awaiting concrete trucks. The defendants KD International Development Corp. (hereinafter KD) and Sanford Tower Associates (hereinafter Sanford) were the general contractor and owner, respectively, of the construction site. The injured plaintiff was supervised by his employer, Urban Foundation/ Engineering LLC, a subcontractor. The Supreme Court denied KD and Sanford's motion for summary judgment dismissing the Labor Law §§ 200 and 241 (6) claims and all cross claims asserted against them.

We agree with the plaintiffs' contention that the injury occurred within the work site for purposes of Labor Law §§ 200 and 241 (6) (*see Rossi v Mount Vernon Hosp.*, 265 AD2d 542). The defendants established as a matter of law that they complied with the requirements of 12 NYCRR 23-1.29 (a) and (b) by instructing the injured plaintiff to act as a flagman, and by providing him with an appropriate fluorescent flag. The plaintiffs' submissions failed to raise an issue of fact with respect to this, and therefore the defendants were entitled to summary judgment on that part of the Labor Law § 241 (6) claim predicated upon a violation of 12 NYCRR 23-1.29 (a) and (b).

The defendants, however, failed to make a prima facie showing that the lighting at the job site sufficiently complied with the requirements of 12 NYCRR 23-1.30. Since they failed to establish their entitlement to judgment as a matter of law, their motion for summary judgment was properly denied to the extent of the plaintiffs' Labor Law § 241 (6) claim predicated upon a violation of that Industrial Code provision (*see Alvarez v Prospect Hosp.*, 68 NY2d 320; *Sorisi v Nineteen N.Y. Props.*, 264 AD2d 835). Moreover, the plaintiffs' recovery is not barred merely because the injured plaintiff was struck by a car, the very danger he was assigned as flagman to eliminate, because there was an issue of fact as to an independent statutory violation of the Industrial Code provision requiring adequate illumination, 12 NYCRR 23-1.30. Workers do not assume the risk of injury caused by a statutory violation (*see Lorefice v Reckson Operating Partnership*, 269 AD2d 572; *cf. Sanders v TDX Constr. Corp.*, 203 AD2d 353).

As to plaintiffs' claims pursuant to Labor Law § 200, summary judgment is not appropriate where questions of fact exist as to supervision and control (*see Penta v Related Cos.*, 286 AD2d 674). Smith, J.P., Goldstein, McGinity and Mastro, JJ., concur.