■ DANA EARL, Appellant, v STARWOOD CERUZZI SARATOGA, LLC, Appellant-Respondent and Third-Party Plaintiff-Respondent. WERNERT CONSTRUCTION MANAGEMENT, LLC, Third-Party Defendant-Appellant. [780 NYS2d 461]—

Appeal and cross appeals from an order and judgment (one paper) of the Supreme Court, Onondaga County (Charles T. Major, J.), entered December 5, 2003. The order and judgment granted those parts of defendant's motion for summary judgment dismissing the common-law negligence and Labor Law § 200 cause of action and part of the Labor Law § 241 (6) cause of action and granted conditionally that part of the motion seeking contractual indemnification from third-party defendant plus costs and attorney's fees.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion with respect to the Labor Law § 241 (6) cause of action insofar as it is based on the alleged violation of 12 NYCRR 23-1.30 and reinstating that cause of action insofar as it is based on that alleged violation and as modified the order and judgment is affirmed without costs.

Memorandum: Plaintiff commenced this common-law negligence and Labor Law action seeking damages for injuries he sustained when he slipped and fell while performing asbestos abatement work. Defendant moved for summary judgment dismissing the complaint and, alternatively, sought contractual indemnification from third-party defendant and costs and attorney's fees incurred in the defense of plaintiff's action.

Supreme Court granted those parts of the motion with respect to the common-law negligence and Labor Law § 200 cause of action and that part of the Labor Law § 241 (6) cause of action based on the alleged violation of 12 NYCRR 23-1.30. In addition, the court granted conditionally that part of the motion with respect to third-party defendant. The court denied that part of the motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action based on the alleged violation of 12 NYCRR 23-1.7 (d). Defendant contends on its appeal that the court erred in denying that part of its motion with respect to the alleged violation of section 23-1.7 (d), and plaintiff contends on his cross appeal only that the court erred in dismissing that part of the Labor Law § 241 (6) cause of action based on the alleged violation of section 23-1.30. Third-party defendant contends on its cross appeal that the court should have dismissed the Labor Law § 241 (6) cause of action in its entirety and that the court erred in granting that part of defendant's motion against it.

We agree with plaintiff that the court properly refused to dismiss the Labor Law § 241 (6) cause of action insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (d). Pursuant to that regulation, "[i]ce, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing." There are issues of fact whether plaintiff slipped on tiles still attached to the floor that were covered with mastic remover, and whether it was improper for mastic remover to be present on tiles, so that a "foreign substance" within the meaning of section 23-1.7 (d) caused plaintiff's fall. We further agree with plaintiff, however, that the court erred in dismissing the Labor Law § 241 (6) cause of action insofar as it is based on the alleged violation of 12 NYCRR 23-1.30, requiring "[i]llumination sufficient for safe working conditions," and thus we modify the order and judgment accordingly. Defendant failed to establish as a matter of law that the lighting complied with that regulation and thus failed to meet its initial burden on the motion with respect to that regulation (*see Lucas v KD Dev. Constr. Corp.*, 300 AD2d 634, 635 [2002]).

Finally, we conclude that the court properly granted conditionally that part of defendant's motion with respect to third-party defendant (*see Crimi v Neves Assoc.*, 306 AD2d 152, 153-154 [2003]). Present—Pine, J.P., Hurlbutt, Gorski, Martoche and Lawton, JJ.