■ MICHAEL F. MCALLISTER et al., Plaintiffs, v CONSTRUCTION CONSULTANTS L.I., INC., Defendant/Third-Party Plaintiff-Respondent, et al., Defendant. C. GLASSER CONSTRUCTION CORP., Third-Party Defendant-Appellant. [921 NYS2d 556]— .

In an action, inter alia, to recover damages for personal injuries, etc., and a related third-party action, the third-party defendant appeals from an order of the Supreme Court, Suffolk County (Costello, J.), dated September 24, 2009, which granted the motion of the defendant/third-party plaintiff for conditional summary judgment on its third-party cause of action for contractual indemnification.

Ordered that the order is reversed, on the law, with costs, and

the motion of the defendant/third-party plaintiff for conditional summary judgment on its third-party cause of action for contractual indemnification is denied as premature.

"[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 662 [2009], citing General Obligations Law § 5-322.1; *see Reynolds v County of Westchester*, 270 AD2d 473 [2000]). Here, the Supreme Court erred in granting the motion of the defendant/third-party plaintiff which was for conditional summary judgment on its third-party cause of action for contractual indemnification, as there are issues of fact as to whose negligence, if any, caused the plaintiff's accident (*see Erickson v Cross Ready Mix, Inc.*, 75 AD3d 519, 524 [2010]; *George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]; *Chun v Ecco III Enters.*, 268 AD2d 454, 454-455 [2000]). Under these circumstances, it was premature to reach the issue of contractual indemnification (*see Erickson v Cross Ready Mix, Inc.*, 75 AD3d at 524; *George v Marshalls of MA, Inc.*, 61 AD3d at 930; *Chun v Ecco III Enters.*, 268 AD2d at 454-455).

The third-party defendant's remaining contention is not properly before this Court. Angiolillo, J.P., Florio, Lott and Austin, JJ., concur.