BRIAN FRITZ, Respondent, v SPORTS AUTHORITY et al., Defendants/Third-Party Plaintiffs-Appellants, C&G DEVELOPERS, INC., Defendant/Second Third-Party Plaintiff-Appellant, NLS COMPANY, Appellant, and SHANNON CONSTRUCTION OF LONG ISLAND et al., Defendants/Third-Party Defendants-Respondents. GIAQUINTO MASONRY, INC., Third-Party Defendant/Second Third-Party Defendant-Respondent. [936 NYS2d 310]—

The Supreme Court properly denied that branch of the motion of the defendants third-party plaintiffs, Sports Authority and Sons Riverhead, LLC, the defendant second third-party plaintiff, C&G Developers, Inc., and the defendant NLS Company (hereinafter collectively the appellants) which was for summary judgment dismissing so much of the plaintiff's cause of action pursuant to Labor Law § 241 (6) insofar as asserted against them as was predicated upon alleged violations of 12 NYCRR 23-1.30 and 23-9.8 (e). The appellants failed to make a prima facie showing that the lighting at the job site sufficiently complied with the requirements of 12 NYCRR 23-1.30 or that the operating surface at the job site sufficiently complied with the requirements of 12 NYCRR 23-9.8 (e). Since the appellants failed to establish their entitlement to judgment as a matter of law, their motion for summary judgment was properly denied to the extent the plaintiff's Labor Law § 241 (6) cause of action was predicated upon violations of these Industrial Code provisions (*see Lucas v KD Dev. Constr. Corp.*, 300 AD2d 634, 635 [2002]; *Sorisi v Nineteen N.Y. Props.*, 264 AD2d 835 [1999]). Since the appellants failed to meet their prima facie burden, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment on the third-party cause of action by Sports Authority and Sons Riverhead, LLC (hereinafter together Sports), against the third-party defendant Roland's Electric, Inc. (hereinafter Roland's), for contractual indemnification and on the second third-party cause of action asserted by C&G Developer's, Inc., against the third-party defendant/second third-party defendant-respondent Giaquinto Masonry, Inc., for contractual indemnification, as there are triable issues of fact as to whose negligence, if anyone's, caused the plaintiff's accident (*see Erickson v Cross Ready Mix, Inc.*, 75 AD3d 519, 524 [2010]; *George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]; *Chun v Ecco III Enters.*,

268 AD2d 454, 454-455 [2000]). Under these circumstances, it is premature to reach the issue of contractual indemnification (*see Erickson v Cross Ready Mix, Inc.*, 75 AD3d at 524; *George v Marshalls of MA, Inc.*, 61 AD3d at 930; *Chun v Ecco III Enters.*, 268 AD2d at 454-455).

Similarly, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment on Sports's third-party cause of action against Shannon Construction of Long Island and Roland's for common law indemnification, as the appellants failed to demonstrate, as a matter of law, that Sports was not negligent. Since the appellants failed to meet their prima facie burden, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Under these circumstances, it is also premature to reach the issue of common law indemnification (*see e.g. Martinez v City of New York*, 73 AD3d 993, 999 [2010]). Angiolillo, J.P., Lott, Austin and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32465(U).]**