Fedrich v Granite Bldg. 2, LLC (2018 NY Slip Op 06717)





Fedrich v Granite Bldg. 2, LLC


2018 NY Slip Op 06717


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2014-09715
 (Index No. 1836/11)

[*1]Joseph A. Fedrich, et al., plaintiffs-respondents,
v
Granite Building 2, LLC, defendant third-party/third third-party plaintiff-respondent, Lalezarian Developers, Inc., defendant third-party plaintiff-respondent, et al., defendants; Kulka Contracting, LLC, third-party defendant-respondent; STAT Fire Sprinkler, Inc., third third-party defendant-appellant (and another third-party action).


Traub Lieberman Straus & Shrewsberry, LLP, Hawthorne, NY (Megan E. Bronk of counsel), for third third-party defendant-appellant.
Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Naomi M. Taub], of counsel), for plaintiffs-respondents.
Torino & Bernstein, P.C., Mineola, NY (Thomas B. Hayn of counsel), for defendant third-party/third third-party plaintiff-respondent and defendant third-party plaintiff-respondent.
Litchfield Cavo LLP, New York, NY (Christopher H. Sommer and David Lafarga of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the third third-party defendant appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered June 30, 2014. The order, insofar as appealed from, denied those branches of the third third-party defendant's motion which were for summary judgment dismissing (1) the third third-party causes of action for contribution and contractual and common-law indemnification, (2) the cross claims asserted against it by the third-party defendant for contribution and contractual and common-law indemnification, and (3) the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against the defendant third-party/third third-party plaintiff and the defendant third-party plaintiff Lalezarian Developers, Inc.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the third third-party defendant's motion which were for summary judgment dismissing the third third-party causes of action for contractual and common-law indemnification and the cross claims asserted against it by the third-party defendant for contractual and common-law indemnification, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the third third-party defendant payable by the defendant third-party/third third-party plaintiff and the [*2]third-party defendant, and one bill of costs to the plaintiffs payable by the third third-party defendant.
On February 20, 2008, the plaintiff Joseph A. Fedrich (hereinafter the injured plaintiff), then employed as a fire marshal by the Nassau County Fire Marshal's Office, allegedly was injured while in the process of conducting an inspection of the fire alarm and sprinkler systems at an office building under construction, which was owned by Granite Building 2, LLC (hereinafter Granite). Lalezarian Developers, Inc. (hereinafter Lalezarian), was the managing agent of the building. Kulka Contracting, LLC (hereinafter Kulka), was the general contractor for the construction project. STAT Fire Sprinkler, Inc. (hereinafter STAT), was hired by Granite to install a sprinkler system in the building. The injured plaintiff allegedly tripped on a pile of construction debris as he was walking from an electric room situated on the uppermost level of an underground parking garage where he had been inspecting the heat sensors and sprinkler heads. The pile of construction debris allegedly contained sprinkler piping along with other construction debris.
The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, Granite and Lalezarian, inter alia, to recover damages for personal injuries, alleging, among other things, a violation of Labor Law § 241(6) and common-law negligence. Granite and Lalezarian commenced a third-party action against Kulka. Granite also commenced a third third-party action against STAT, inter alia, for contribution and contractual and common-law indemnification. Kulka asserted cross claims against STAT for contribution and contractual and common-law indemnification. STAT moved, among other things, for summary judgment dismissing the third third-party causes of action for contribution and contractual and common-law indemnification, Kulka's cross claims for contribution and contractual and common-law indemnification, and the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against Granite and Lalezarian. The Supreme Court denied those branches of STAT's motion, and STAT appeals.
The Supreme Court should have granted those branches of STAT's motion which were for summary judgment dismissing Granite's third third-party causes of action for contractual and common-law indemnification and Kulka's cross claims for contractual and common-law indemnification. "[A] party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified" (Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662; see General Obligations Law § 5-322.1; Mohan v Atlantic Ct., LLC, 134 AD3d 1075, 1078; McAllister v Construction Consultants L.I., Inc., 83 AD3d 1013, 1014). Further, " to establish a claim for common-law indemnification, a party must prove not only that [it was] not negligent, but also that the proposed indemnitor . . . was responsible for negligence that contributed to the accident or, in the absence of any negligence, had the authority to direct, supervise, and control the work giving rise to the injury'" (Wahab v Agris & Brenner, LLC, 102 AD3d 672, 674, quoting Hart v Commack Hotel, LLC, 85 AD3d 1117, 1118-1119).
Here, the indemnification provision in the contract between Granite and STAT required STAT to indemnify Granite and Kulka "from and against all claims, demands, suits, [and] damages . . . arising out of or resulting from the performance of the Work, provided that such claims, demands, suits, [and] damages . . . are caused in whole or in part by negligent acts or omissions of [STAT]." STAT demonstrated its prima facie entitlement to judgment as a matter of law dismissing Grantie's contractual indemnification third third-party cause of action and Kulka's contractual indemnification cross claim against STAT by submitting evidence that, during the course of the construction, the trade contractors were piling their debris on the floor of the subject building, which was then removed by laborers employed by and/or under the supervision of Granite and Kulka. STAT demonstrated that Granite and Kulka had certain responsibilities with respect to the removal of the construction debris and, thus, that they would not be able to prove themselves free from negligence in the event that the injured plaintiff was successful on his claims against Granite (see General Obligations Law § 5-322.1; Dreyfus v MPCC Corp., 124 AD3d 830, 831; Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d at 662; see also Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786, 789-790). For this same reason, STAT established its prima facie entitlement to judgment as a matter of law dismissing the common-law indemnification third third-[*3]party cause of action and cross claim against it (see Mikelatos v Theofilaktidis, 105 AD3d 822, 824). In opposition, Granite and Kulka failed to raise a triable issue of fact.
However, we agree with the Supreme Court's determination to deny those branches of STAT's motion which were for summary judgment dismissing Granite's third third-party cause of action for contribution and Kulka's cross claim for contribution. As opposed to indemnification, which shifts the entire liability to the negligent party, "where a party is held liable at least partially because of its own negligence, contribution against other culpable tort-feasors is the only available remedy" (Glaser v Fortunoff of Westbury Corp., 71 NY2d 643, 646). In the context of a construction site accident, where a plaintiff's injuries arise not from the manner in which the work was performed but rather due to an allegedly dangerous condition present thereat, liability under a common-law negligence theory "may be imposed upon a subcontractor where it had control over the work site and either created the allegedly dangerous condition or had actual or constructive notice of it" (Vita v New York Law School, 163 AD3d 605, 607).
Here, STAT failed to establish its prima facie entitlement to judgment as a matter of law dismissing the contribution third third-party cause of action and cross claim against it. The evidence submitted by STAT in support of its motion showed that in February 2008, STAT workers were performing work on the sprinkler line on the south side of the uppermost level of the underground parking garage, that the electric room from where the injured plaintiff was walking when the accident occurred was located on the south side of the uppermost level of the underground parking garage, and that STAT's work was not completed until February 29, 2008. Moreover, the contract between Granite and STAT obligated STAT to remove its own debris, and evidence showed that STAT placed at least some of its debris in the pile left for the laborers to remove. Further, contrary to STAT's contention, the injured plaintiff's failure to state definitively whether the sprinkler piping was the only item in the pile that contributed to his fall was not fatal to the contribution third third- party cause of action and cross claim, because logical inferences from the record, and not speculation alone, created an issue of fact as to whether the presence of sprinkler piping in the pile of construction debris, along with the dim lighting in the garage, was a proximate cause of the accident (see Grizzell v JQ Assoc., LLC, 110 AD3d 762, 764; see e.g. Palahnuk v Tiro Rest. Corp., 116 AD3d 748, 749). In light of STAT's failure to establish its prima facie entitlement to judgment as a matter of law dismissing the contribution third third-party cause of action and cross claim, we need not consider the sufficiency of the opposing papers on this issue (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In addition, we agree with the Supreme Court's determination to deny that branch of STAT's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against Granite and Lalezarian. "[T]he question of whether inspection work falls within the purview of Labor Law . . . § 241(6) must be determined on a case-by-case basis, depending on the context of the work'" (Nelson v Sweet Assoc., Inc., 15 AD3d 714, 715, quoting Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 883; see Dubin v S. DiFazio & Sons Constr., Inc., 34 AD3d 626, 627). "The legislative intent of section 241(6) is to ensure the safety of workers at construction sites" (Morris v Pavarini Constr., 22 NY3d 668, 673; see Nagel v D & R Realty Corp., 99 NY2d 98, 101).
Here, STAT failed to demonstrate, prima facie, that the injured plaintiff was not within the class of persons entitled to Labor Law § 241(6) protection. The evidence STAT submitted demonstrated that construction was still taking place at the site when the accident occurred, and the injured plaintiff's inspection work was essential and integral to the progress of the construction (see McNeill v LaSalle Partners, 52 AD3d 407, 409; Crowther v City of New York, 262 AD2d 519, 520). Moreover, STAT failed to demonstrate, prima facie, that 12 NYCRR 23-1.7(e)(2) and 23-1.30 were inapplicable to the facts of this case (see Nankervis v Long Is. Univ., 78 AD3d 799, 800; Lucas v KD Dev. Constr. Corp., 300 AD2d 634, 635; Sorisi v Nineteen N.Y. Props., 264 AD2d 835). Accordingly, we agree with the Supreme Court's denial of this branch of STAT's motion regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
BALKIN, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court