Cianciulli v Urban Found./Engg., LLC (2025 NY Slip Op 02184)

Cianciulli v Urban Found./Engg., LLC

2025 NY Slip Op 02184

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2020-09139
 (Index No. 705630/20)

[*1]Joseph Cianciulli, et al., plaintiffs-appellants, 
v
Urban Foundation/Engineering, LLC, et al., defendants third-party plaintiffs-respondents, 300 Livingston GC, LLC, et al., defendants-respondents, et al., defendant third-party plaintiff; Gramercy Group, Inc., third-party defendant-appellant.

Meyerson & Levine, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for plaintiffs-appellants.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Nicholas Hurzeler and Steven Montgomery of counsel), for third-party defendant-appellant.
Fabiani Cohen & Hall, LLP, New York, NY (Alisa Dultz, Patrick Aurilia, and Susan B. Eisner of counsel), for defendants third-party plaintiffs-respondents and defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the third-party defendant separately appeals, from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered November 25, 2020. The order, insofar as appealed from by the plaintiffs, granted those branches of the motion of the defendants third-party plaintiffs Urban Foundation/Engineering, LLC, Urban Foundation Company, Inc., 33 Bond GC, LLC, 33 Bond Street, LLC, 33 Bond Street (LIHTC), LLC, and T.F. Cornerstone, Inc., and the defendants 300 Livingston GC, LLC, and 300 Livingston, LLC, which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against the defendants third-party plaintiffs Urban Foundation/Engineering, LLC, and Urban Foundation Company, Inc., and the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendant third-party plaintiff 33 Bond GC, LLC. The order, insofar as appealed from by the third-party defendant, granted those branches of the motion of the defendants third-party plaintiffs Urban Foundation/Engineering, LLC, Urban Foundation Company, Inc., 33 Bond GC, LLC, 33 Bond Street, LLC, 33 Bond Street (LIHTC), LLC, and T.F. Cornerstone, Inc., and the defendants 300 Livingston GC, LLC, and 300 Livingston, LLC, which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against the defendants third-party plaintiffs Urban Foundation/Engineering, LLC, and Urban Foundation Company, Inc., and on the third-party cause of action for contractual indemnification insofar as asserted by the defendants third-party plaintiffs 33 Bond GC, LLC, 33 Bond Street, LLC, and T.F. Cornerstone, Inc., and denied that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted by the defendants third-party plaintiffs 33 Bond GC, LLC, 33 Bond Street, LLC, and T.F. Cornerstone, Inc.
ORDERED that the appeal by the third-party defendant from so much of the order as granted that branch of the motion of the defendants third-party plaintiffs Urban Foundation/Engineering, LLC, Urban Foundation Company, Inc., 33 Bond GC, LLC, 33 Bond Street, LLC, 33 Bond Street (LIHTC), LLC, and T.F. Cornerstone, Inc., and the defendants 300 Livingston GC, LLC, and 300 Livingston, LLC, which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against the defendants third-party plaintiffs Urban Foundation/Engineering, LLC, and Urban Foundation Company, Inc., is dismissed, as the third-party defendant is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendants third-party plaintiffs Urban Foundation/Engineering, LLC, Urban Foundation Company, Inc., 33 Bond GC, LLC, 33 Bond Street, LLC, 33 Bond Street (LIHTC), LLC, and T.F. Cornerstone, Inc., and the defendants 300 Livingston GC, LLC, and 300 Livingston, LLC, which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against the defendants third-party plaintiffs Urban Foundation/Engineering, LLC, and Urban Foundation Company, Inc., and the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendant third-party plaintiff 33 Bond GC, LLC, and on the third-party cause of action for contractual indemnification insofar as asserted by the defendants third-party plaintiffs 33 Bond GC, LLC, 33 Bond Street, LLC, and T.F. Cornerstone, Inc., and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, payable by the defendants third-party plaintiffs Urban Foundation/Engineering, LLC, Urban Foundation Company, Inc., 33 Bond GC, LLC, 33 Bond Street, LLC, 33 Bond Street (LIHTC), LLC, and T.F. Cornerstone, Inc., and the defendants 300 Livingston GC, LLC, and 300 Livingston, LLC.
In May 2014, Gramercy Group, Inc. (hereinafter Gramercy), entered into a subcontract with the defendant 33 Bond GC, LLC (hereinafter Bond GC), to provide certain demolition and abatement services on a construction project for which Bond GC was the general contractor (hereinafter the Gramercy subcontract). The project was located on certain property in Brooklyn owned by the defendant 33 Bond Street, LLC (hereinafter Bond Street). The defendant T.F. Cornerstone, Inc. (hereinafter T.F. Cornerstone), was the managing agent for the property. The Gramercy subcontract required Gramercy to indemnify, among others, Bond GC, Bond Street, and T.F. Cornerstone (hereinafter collectively the Bond defendants) under certain circumstances. The defendants Urban Foundation/Engineering, LLC, and Urban Foundation Company, Inc. (hereinafter together the Urban defendants), entered into a subcontract with Bond GC to provide certain excavation and foundation services for the project (hereinafter the Urban subcontract).
In April 2015, Gramercy and Bond GC disagreed as to whether Gramercy had completed its work pursuant to the Gramercy subcontract, and the parties agreed to meet at the work site to resolve the purported issues. On April 15, 2015, the plaintiff Joseph Cianciulli (hereinafter the injured plaintiff), a project executive for Gramercy, arrived at the work site for the meeting, walked along the area in dispute, and allegedly was struck by the bucket of an excavator operated by an employee of the Urban defendants.
In December 2015, the injured plaintiff, and his wife suing derivatively, commenced this personal injury action against the Urban defendants, the Bond defendants, the defendants 300 Livingston GC, LLC, 300 Livingston, LLC, and 33 Bond Street (LIHTC), LLC (hereinafter collectively with the Urban defendants and the Bond defendants, the defendants), and another defendant, alleging violations of Labor Law §§ 200 and 241(6) and common-law negligence. The Urban defendants, the Bond defendants, 33 Bond Street (LIHTC), LLC, and another defendant commenced a third-party action against Gramercy, seeking, inter alia, contractual indemnification.
The defendants moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against the [*2]Urban defendants and the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against Bond GC, and on the third-party cause of action for contractual indemnification insofar as asserted by the Bond defendants. Gramercy moved, inter alia, for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted by the Bond defendants. In an order entered November 25, 2020, the Supreme Court, among other things, granted those branches of the defendants' motion which were for summary judgment dismissing the Labor Law §§ 200 and 241(6) causes of action insofar as asserted against the Urban defendants and the Labor Law § 200 and common-law negligence causes of action insofar as asserted against Bond GC, and on the third-party cause of action for contractual indemnification insofar as asserted by the Bond defendants, and denied that branch of Gramercy's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted by the Bond defendants. The plaintiffs and Gramercy separately appeal.
The Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against the Urban defendants. "Owners and general contractors, and their agents, have a common-law duty to provide employees with a safe place to work," and Labor Law § 200 "merely codified that duty" (Fonck v City of New York, 198 AD3d 874, 876 [internal quotation marks omitted]; see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, 61). "'When the methods or materials of the work are at issue, recovery against the owner or general contractor [or their agent] cannot be had . . . unless it is shown that the party to be charged had the authority to supervise or control the performance of the work'" (Kearney v Dynegy, Inc., 151 AD3d 1037, 1039 [internal quotation marks omitted], quoting Messina v City of New York, 147 AD3d 748, 749). "[L]iability against a subcontractor based upon a claimed violation of Labor Law § 200 . . . requires a showing that authority was conferred on the subcontractor to supervise and control the activity which produced the injury" (Erickson v Cross Ready Mix, Inc., 75 AD3d 519, 523 [internal quotation marks omitted]; see Van Nostrand v Race & Rally Constr. Co., Inc., 114 AD3d 664, 666-667).
Here, the defendants failed to eliminate all triable issues of fact as to whether the Urban defendants supervised or controlled the injury-producing work. The Urban subcontract provided that the Urban defendants "shall be solely responsible for the means, methods, sequences and techniques of construction and for the safe performance of the Work" (see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318; Lombardi v City of New York, 175 AD3d 1521, 1523). The work contemplated under the Urban subcontract included "all labor, material, . . . supervision, administration and other services as required to complete, in its entirety, all Excavation & Foundation Work." The defendants failed to submit evidence affirmatively demonstrating that the Urban defendants did not have the authority to control or supervise the excavation work that allegedly caused the injured plaintiff's injuries (see Murphy v 80 Pine, LLC, 208 AD3d 492, 496; Erickson v Cross Ready Mix, Inc., 75 AD3d at 523). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against the Urban defendants regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Likewise, the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against Bond GC. The defendants submitted the deposition testimony of a Bond GC senior project manager, who testified that certain Bond GC employees worked closely with the site-safety manager and retained the authority to "direct[ ] and instruct[ ]" anyone on the work site who was performing their work unsafely. He also testified that Bond GC's superintendent "heads all things that happen in the field or on site." The defendants thus failed to eliminate all triable issues of fact as to whether Bond GC had the authority to supervise and control the injury-producing work (see Roblero v Bais Ruchel High Sch., Inc., 175 AD3d 1446, 1448; Caban v Plaza Constr. Corp., 153 AD3d 488, 491). Accordingly, the court should have denied that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against Bond GC regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against the Urban defendants. "'Labor Law § 241(6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor'" (Delaluz v Walsh, 228 AD3d 619, 621, quoting Jarnutowski v City of Long Beach, 210 AD3d 881, 883). To bear liability for a violation of the Industrial Code as an agent of the owner or contractor, "the defendant must have the authority to control the activity bringing about the injury so as to enable it to avoid or correct the unsafe condition" (Navarra v Hannon, 197 AD3d 474, 475-476 [internal quotation marks omitted]; see Kavouras v Steel-More Contr. Corp., 192 AD3d 782, 784). "'Where the owner or general contractor does in fact delegate the duty to conform to the requirements of the Labor Law to a third-party subcontractor, the subcontractor becomes the statutory agent of the owner or general contractor'" (Fiore v Westerman Constr. Co., Inc., 186 AD3d 570, 571, quoting Van Blerkom v American Painting, LLC, 120 AD3d 660, 661-662). Here, the defendants failed to demonstrate, prima facie, that the Urban defendants did not have the authority to control the activity bringing about the injured plaintiff's injuries (see Moran v Trustees of Columbia Univ. in the City of New York, 224 AD3d 830, 833). The defendants also failed to allege or submit any evidence establishing that the Urban defendants complied with 12 NYCRR 23-9.4(h)(4) or 23-9.5(c), the specific Industrial Code provisions the plaintiffs alleged were violated. Accordingly, the court should have denied that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action insofar as asserted against the Urban defendants regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The Supreme Court also erred in granting that branch of the defendants' motion which was for summary judgment on the third-party cause of action for contractual indemnification insofar as asserted by the Bond defendants, but properly denied that branch of Gramercy's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted by the Bond defendants. "[T]he right to contractual indemnification depends upon the specific language of the contract," and "[t]he promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Zong Wang Yang v City of New York, 207 AD3d 791, 796 [internal quotation marks omitted]; see Shaughnessy v Huntington Hosp. Assn., 147 AD3d 994, 999-1000). Here, although the Gramercy subcontract contains an indemnification provision, there remain triable issues of fact as to whether Bond GC was negligent (see General Obligations Law § 5-322.1). Under these circumstances, it was premature to reach the issue of contractual indemnification (see Jamindar v Uniondale Union Free School Dist., 90 AD3d 612, 616; McAllister v Construction Consultants L.I., Inc., 83 AD3d 1013, 1014).
The parties' remaining contentions either need not be reached in light of our determination or are not properly before this Court.
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court