■ STEPHEN CASTROGIOVANNI et al., Respondents, v CORPORATE PROPERTY INVESTORS et al., Defendants, CONTINENTAL CONSOLIDATED INDUSTRIES, Respondent, and F.J. SCIAME CONSTRUCTION Co., INC., Defendant and Third-Party Plaintiff-Appellant. AROOSTOOK INSTALLATIONS, Third-Party Defendant-Respondent. [714 NYS2d 332] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff, F.J. Sciame Construction Co., Inc., appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Suffolk County (Emilio, J.), dated March 31, 1999, as denied its cross motion for summary judgment dismissing the plaintiffs' Labor Law § 200 and common-law negligence claims, and all such cross claims insofar as asserted against it, and for summary judgment on its cross claim for contractual indemnification against the defendant Continental Consolidated Industries and against the third-party defendant, Aroostook Installations, and (2) so much of an order and judgment (one paper) of the same court, entered July 23, 1999, as granted the same relief.

Ordered that the appeal from the order is dismissed, as the order was superseded by the order and judgment; and it is further,

Ordered that the order and judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

There are questions of fact concerning the degree of supervision and control exercised by the appellant general contractor, and whether it had notice of the dangerous condition which al-

legedly caused the injured plaintiff's accident. Moreover, the General Obligations Law prohibits the enforcement of an indemnification clause to the extent that the party seeking indemnification was negligent (*see,* General Obligations Law § 5-322.1; *see also, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786). Accordingly, the Supreme Court properly denied the appellant's cross motion for summary judgment (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Zuckerman v City of New York,* 49 NY2d 557). Bracken, J. P., Santucci, Thompson and Sullivan, JJ., concur.