■ CAVA CONSTRUCTION CO., INC., Appellant, v GEALTEC REMODELING CORP., Respondent. [871 NYS2d 654]—

In an action, inter alia, for contractual indemnification, the plaintiff appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered May 24, 2007, as, upon its failure to appear at a calendar call, denied its motion for summary judgment on the cause of action for contractual indemnification and granted that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action, and (2) so much of an order of the same court entered November 8, 2007, as denied its motion (a) to vacate so much of the order entered May 24, 2007, as, upon its failure to appear, denied its motion for summary judgment on the cause of action for contractual indemnification, (b) for summary judgment on the cause of action for contractual indemnification, and (c) for leave to reargue that branch of the defendant's cross motion which was for summary judgment dismissing the cause of action for contractual indemnification.

Ordered that the order entered May 24, 2007 is modified, on the law, by deleting the provision thereof granting that branch of the cross motion which was for summary judgment dismissing the cause of action for contractual indemnification, and substituting therefor a provision denying that branch of the

cross motion; as so modified, the order entered May 24, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order entered November 8, 2007 as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order entered November 8, 2007 is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to vacate so much of the order entered May 24, 2007, as, upon the plaintiff's failure to appear, denied its motion for summary judgment on the cause of action for contractual indemnification, and substituting therefor a provision granting that branch of the motion and thereupon denying the plaintiff's motion for summary judgment on the merits; as so modified, the order entered November 8, 2007 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court erred in determining that the plaintiff cannot validly assert a cause of action for contractual indemnification against the defendant corporation on the ground that the defendant corporation dissolved in 2003. A corporation continues to exist after dissolution for the winding up of its affairs, and a dissolved corporation may sue or be sued on its obligations, including contractual obligations and contingent claims, until its affairs are fully adjusted (*see* Business Corporation Law § 1006; *Tedesco v A.P. Green Indus., Inc.*, 8 NY3d 243 [2007]; *Gutman v Club Mediterranee Intl.*, 218 AD2d 640 [1995]; *Matter of Rodgers v Logan*, 121 AD2d 250, 253 [1986]).

The Supreme Court erred in denying that branch of the plaintiff's motion which was to vacate so much of the order entered May 24, 2007, as, upon its failure to appear at a calendar call, denied its motion for summary judgment on the cause of action for contractual indemnification. The plaintiff showed a reasonable excuse for the default in appearing and the existence of a meritorious claim (*see* CPLR 5015 [a] [1]; *Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760 [2006]; *Liotti v Peace*, 15 AD3d 452 [2005]; *Waste Mgt. of N.Y., Inc. v Bedford-Stuyvesant Restoration Corp.*, 13 AD3d 362 [2004]; *cf. McClaren v Bell Atl.*, 30 AD3d 569 [2006]).

Although the plaintiff established its entitlement to judgment as a matter of law on the cause of action for contractual indemnification, the defendant raised questions of fact precluding summary judgment. When liability attaches solely pursuant to Labor Law § 240 (1), indemnification may be sought from the party actually responsible for the supervision, direction, and

control of the work giving rise to the injury (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]; *Loiacono v Lehrer McGovern Bovis*, 270 AD2d 464 [2000]; *Canka v Coalition for the Homeless*, 240 AD2d 355 [1997]). However, a party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor (*see* General Obligations Law § 5-322.1; *Reynolds v County of Westchester*, 270 AD2d 473 [2000]). Here, since there are questions of fact as to whether the plaintiff was free from negligence with regard to the underlying accident, summary judgment on the cause of action for contractual indemnification is not warranted (*see Castrogiovanni v Corporate Prop. Invs.*, 276 AD2d 660 [2000]). Prudenti, P.J., Santucci, McCarthy and Chambers, JJ., concur.