■ SHEILA GEORGE et al., Appellants-Respondents, v MARSHALLS OF MA, INC., et al., Appellants-Respondents, and SULLIVAN SERVICE CO., INC., et al., Respondents-Appellants. [878 NYS2d 143]—

In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered June 28, 2007, as granted those branches of the separate motions of the defendant Sullivan Service Co., Inc., and the defendant American Industrial Cleaning Co., Inc., which were for summary judgment dismissing the complaint insofar as asserted against them and denied their cross motion, pursuant to CPLR 3126, to strike the answer of the defendant Sullivan Service Co., Inc., inter alia, for failure to comply with discovery requests, and (2) the defendants Marshalls of MA, Inc., and TJX Companies, Inc., appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment on their cross claims against the defendant Sullivan Service Co., Inc., and American Industrial Cleaning Co., Inc., for common-law indemnification, and granted those branches of the separate motions of the defendants Sullivan Service Co., Inc., and American Industrial Cleaning Co., Inc., which were for summary judgment dismissing the complaint insofar as asserted against them, and (3) the

defendants Sullivan Service Co., Inc., and American Industrial Cleaning Co., Inc., separately cross-appeal, as limited by their respective briefs, from so much of the same order as granted that branch of the motion of the defendants Marshalls of MA, Inc., and TJX Companies, Inc., which was for conditional summary judgment on the cross claims asserted by the defendants Marshalls of MA, Inc., and TJX Companies, Inc., against them for contractual indemnification and, in effect, denied that branch of Sullivan Service Co., Inc.'s motion which was for summary judgment dismissing the cross claims of Marshalls of MA, Inc., and TJX Companies, Inc., insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendant American Industrial Cleaning Co., Inc., which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying that branch of the motion, (2) by deleting the provision thereof granting that branch of the motion of the defendants Marshalls of MA, Inc., and TJX Companies, Inc., which was for conditional summary judgment on their cross claims for contractual indemnification and substituting therefor a provision denying that branch of the motion, (3) by deleting the provision thereof denying the plaintiffs' cross motion, pursuant to CPLR 3126, to strike the answer of the defendant Sullivan Service Co., Inc., and substituting therefor a provision denying the cross motion as academic, and (4) by adding thereto a provision searching the record, and awarding the defendant Sullivan Service Co., Inc., summary judgment dismissing the cross claim of the defendants Marshalls of MA, Inc., and TJX Companies, Inc., for common-law indemnification insofar as asserted against it; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On March 26, 1999, at approximately 9:30 A.M., the plaintiff Sheila George (hereinafter George) slipped and fell at a Marshalls store in East Meadow. She entered the store just as it was opening, walking across a carpet that "felt funny . . . like when you walk on something and it squishes." When she then stepped from the carpet onto tiling, she slipped, falling onto her right knee and injuring it. While on the floor, she noticed a yellow sign indicating a wet floor a few feet away on the tiling. Subsequently, George, and her husband derivatively, commenced this action against Marshalls of MA, Inc., and TJX Companies, Inc. (hereinafter together Marshalls), as well as Sullivan Service Co., Inc. (hereinafter Sullivan), and American Industrial Clean-

ing Co., Inc. (hereinafter American). Sullivan had contracted with Marshalls to provide cleaning services, which were then subcontracted out to American. Marshalls asserted cross claims against Sullivan and American for common-law and contractual indemnification, and to recover damages for breach of contract for failure to procure insurance naming it as an additional insured and provide it with a defense.

Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). However, a party who enters into a contract to render services may be said to have assumed a duty of care, and thus be potentially liable in tort to third persons where (1) the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm, (2) the plaintiff detrimentally relies on the continued performance of the contracting party's duties, or (3) the contracting party has entirely displaced the other party's duty to maintain the premises safely (*id.* at 140).

The plaintiffs contend that American owed them a duty of care because it launched a force or instrument of harm and/or had entirely displaced Marshalls' duty to maintain the premises safely. As to the latter, contrary to the plaintiffs' contention, American's contract, which was with Sullivan, was not a comprehensive and exclusive property maintenance obligation intended to displace Marshalls' duty, as a landowner, to safely maintain the premises, as Marshalls had its own cleaning staff (*see Roveccio v Ry Mgt. Co., Inc.*, 29 AD3d 562, 562-563 [2006]; *Hagen v Gilman Mgt. Corp.*, 4 AD3d 330, 331 [2004]; *Eidlisz v Village of Kiryas Joel*, 302 AD2d 558, 559 [2003]). As to the former, the Supreme Court incorrectly stated that the plaintiffs would have to show that some instrument directly injured George in order to be entitled to recover, for "conventional cleaning equipment, such as a mop or buffer, will not become a force or instrument of harm merely because it creates a dangerous condition upon the surface." Contrary to the Supreme Court's conclusion, it is enough that an instrument creates a dangerous condition. As the Court of Appeals stated in *Espinal*, the " 'creation or exacerbation' test . . . is nothing more and nothing less than the formulation . . . whether the defendant's actions have 'advanced to such a point as to have launched a force or instrument of harm' " (98 NY2d at 142; *see Ragone v Spring Scaffolding, Inc.*, 46 AD3d 652, 654 [2007]; *Vargas v Central Parking Sys.*, 35 AD3d 255, 256 [2006]). Here, the Supreme Court should have denied that branch of American's

motion which was for summary judgment dismissing the complaint insofar as asserted against it. American failed to satisfy its prima facie burden of eliminating all material issues of fact (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Evidence was presented that showed that the carpeting was wet, and that there was a yellow warning sign nearby, and George fell at approximately 9:30 A.M., just as the store was opening, and at a time when American was still on the premises performing its contractual duties. American contends that it had not performed "bonnet shampooing" of the carpeting, which involved steaming the carpeting and then drying it with fans, on the day in question. In support, American presented invoices from February and March 1999; however, those invoices were insufficient to satisfy American's prima facie burden. Moreover, conflicting evidence was presented as to how frequently bonnet shampooing occurred. Under such circumstances, the Supreme Court should have denied that branch of American's motion (*see Healy v ARP Cable*, 299 AD2d 152, 154-155 [2002]; *Cruz v New York City Hous. Auth.*, 291 AD2d 223, 224 [2002]; *Mayer v Town of Brookhaven*, 266 AD2d 360 [1999]).

The Supreme Court correctly granted Sullivan summary judgment dismissing the complaint insofar as asserted against it. Sullivan had subcontracted to American the cleaning services it was to provide to Marshalls, and the extent of its involvement was limited to occasionally inspecting the premises. Thus, Sullivan did not launch a force or instrument of harm. Nor did its contract with Marshalls constitute a comprehensive and exclusive property maintenance obligation intended to displace Marshalls' duty, as a landowner, to safely maintain the premises for, as previously noted, Marshalls maintained its own cleaning staff.

"The principle of common-law, or implied, indemnification permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party" (*Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d 505, 507 [2008]). "If, in fact, an injury can be attributed solely to the negligent performance or nonperformance of an act solely within the province of the contractor, then the contractor may be held liable for indemnification to an owner" (*id.*). The Supreme Court incorrectly stated that Marshalls would have to show that it was negligent in order to be entitled to common-law indemnification as against American and Sullivan. To the contrary, Marshalls was required to show that it was "not negligent" and that the proposed indemnitors, American and

Sullivan, were "responsible for the negligence that contributed to the accident" (*see Benedetto v Carrera Realty Corp.*, 32 AD3d 874, 875 [2006]; *Mitchell v Fiorini Landscape*, 284 AD2d 313, 314 [2001]; *Murphy v M.B. Real Estate Dev. Corp.*, 280 AD2d 457, 457-458 [2001]).

Here, Marshalls was not entitled to summary judgment on its cross claim for common-law indemnification as against American because it failed to satisfy its prima facie burden establishing that it was not negligent and that George's accident was solely attributable to American. Evidence was presented that a yellow warning sign was in proximity to where George's accident occurred. Marshalls kept such yellow warning signs at its store, but there was no evidence establishing whether it was an American or Marshalls employee who placed it in the area at the time of George's accident (*see Edge Mgt. Consulting, Inc. v Blank*, 25 AD3d 364, 367 [2006]; *Magrum v Dee Dee's A Tavern, Inc.*, 12 AD3d 825, 826 [2004]).

For the same reason, Marshalls was not entitled to summary judgment on its cross claim for common-law indemnification as against Sullivan. Further, upon searching the record (*see* CPLR 3212 [b]), Sullivan is awarded summary judgment dismissing that cross claim, as George's accident was not attributable to any negligence of Sullivan (*see Murphy v M.B. Real Estate Dev. Corp.*, 280 AD2d at 457-458).

The right to contractual indemnification depends upon the specific language of the contract (*see e.g. Canela v TLH 140 Perry St., LLC*, 47 AD3d 743, 744 [2008]). The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances (*see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]). Here, as to American, the Supreme Court should not have granted that branch of Marshalls' motion which was for conditional summary judgment on the cross claim against it for contractual indemnification, as there are issues of fact as to whose negligence, if any, caused George's accident. Under such circumstances, it would be premature to award Marshalls summary judgment on that cross claim (*see Alexander v New York City Tr.*, 34 AD3d 312, 314 [2006]; *Barnes v DeFoe/Halmar*, 271 AD2d 387, 388 [2000]; *Chun v Ecco III Enters.*, 268 AD2d 454 [2000]).

Sullivan contends that the Supreme Court should not have granted that branch of Marshalls' motion which was for conditional summary judgment on the cross claim against it for contractual indemnification because the contract between Marshalls and Sullivan was not in admissible form and, further,

the indemnification provision at issue was ambiguous. Sullivan's contentions are without merit. Nevertheless, Marshalls was not entitled to summary judgment for, as previously noted, there is an issue of fact as to whether Marshalls was negligent (*see Alexander v New York City Tr.*, 34 AD3d at 314). Nor was Sullivan entitled to summary judgment dismissing Marshalls' cross claim for contractual indemnification. Sullivan agreed to remain fully liable to Marshalls for any negligent act performed by its subcontractors. Thus, under the contract, Sullivan may be required to indemnify Marshalls upon a finding that Sullivan's subcontractor, American, engaged in a "negligent act" that caused George's accident.

As the Supreme Court correctly noted, because American and Sullivan are not insurers, their duty to defend is no broader than their duty to indemnify (*see Brasch v Yonkers Constr. Co.*, 306 AD2d 508, 511 [2003]; *Bermudez v New York City Hous. Auth.*, 199 AD2d 356, 358 [1993]). Therefore, since Marshalls is not entitled to indemnification at this juncture, it is also not entitled to a defense.

To the extent that Marshalls raises any issues regarding those branches of its motion which were for summary judgment on its cross claims to recover damages for breach of contract against American and Sullivan, we note that such issues are not properly before us. As those branches of Marshalls' motion were not addressed by the Supreme Court, they remain pending and undecided (*see Ryan v Pascale*, 58 AD3d 711 [2009]; *Osorio v Kenart Realty, Inc.*, 48 AD3d 650, 652 [2008]; *Katz v Katz*, 68 AD2d 536 [1979]). Mastro, J.P., Florio, Covello and Belen, JJ., concur.