■ DAVID REISMAN et al., Plaintiffs, v BAY SHORE UNION FREE SCHOOL DISTRICT et al., Defendants/Third-Party Plaintiffs-Appellants, and D'APRILE, INC., Respondent. CRAFTSMAN STOREFRONTS & GLASS, INC., Third-Party Defendant-Respondent. [902 NYS2d 167]—

In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated March 18, 2009, as denied those branches of their motion which were for conditional summary judgment on their cross claim for contractual identification against the defendant D'Aprile, Inc., and on the third-party cause of action for contractual indemnification.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs to the defendants/third-party plaintiffs, and those branches of the motion of the defendants/third-party plaintiffs which were for conditional summary judgment on their cross claim for contractual indemnification against the defendant D'Aprile, Inc., and on the third-party cause of action for contractual indemnification are granted.

The injured plaintiff, an employee of the third-party defendant Craftsman Storefronts & Glass, Inc. (hereinafter Craftsman), allegedly was struck by falling bricks at a construction site at Bay Shore High School. The plaintiffs thereafter com-

menced this action against the property owner, Bay Shore Union Free School District (hereinafter Bay Shore UFSD), and general contractor E.W. Howell Co., Inc. (hereinafter Howell), to recover damages, inter alia, for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Bay Shore UFSD and Howell (hereinafter together the appellants) asserted cross claims against masonry subcontractor D'Aprile, Inc. (hereinafter D'Aprile), for common-law and contractual indemnification, and commenced a third-party action against Craftsman seeking the same relief.

After the completion of discovery, the appellants moved, among other things, for conditional summary judgment on their cross claim for contractual indemnification against D'Aprile and on the third-party cause of action for contractual indemnification. The Supreme Court, inter alia, denied those branches of motion which were addressed to the contractual indemnification claims, concluding that the appellants failed to establish, prima facie, that they were not negligent and that their liability, if any, was solely vicarious. We reverse the order insofar as appealed from.

"The right to contractual indemnification depends upon the specific language of the contract" (*George v Marshalls of MA, Inc.*, 61 AD3d 925, 930 [2009]; *see Bellefleur v Newark Beth Israel Med. Ctr.*, 66 AD3d 807, 808 [2009]; *Canela v TLH 140 Perry St., LLC*, 47 AD3d 743, 744 [2008]). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (*George v Marshalls of MA, Inc.*, 61 AD3d at 930; *see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]). In addition, "a party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 662 [2009]; *see* General Obligations Law § 5-322.1).

Here, contrary to the Supreme Court's determination, the appellants met their initial burdens of demonstrating their entitlement to contractual indemnification (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The appellants introduced the subcontract agreements between D'Aprile and Howell and Craftsman and Howell, both of which included an express indemnification clause in favor of Bay Shore UFSD, as owner, and Howell, as general contractor, which obligated D'Aprile, "to the maximum extent permitted by law," to indemnify the appellants for losses or claim "resulting from, arising out of, or in

any manner connected with [D'Aprile's work]'' (*see generally Naranjo v Star Corrugated Box Co., Inc.*, 11 AD3d 436, 437-438 [2004]). They also demonstrated, prima facie, that they were not negligent by submitting deposition testimony establishing that the plaintiff's alleged injuries were sustained as a result of the methods or materials used in the subcontractors' work, rather than as a result of a dangerous condition at the site, and that neither of the two appellants had authority to exercise supervisory control over the plaintiff's work or the subcontractors' work that allegedly caused his injury (*see Quilliams v Half Hollow Hills School Dist. [Candlewood School]*, 67 AD3d 763 [2009]).

In opposition, neither D'Aprile nor Craftsman raised a triable issue of fact as to whether the respective contractual indemnification clauses should not be enforced. Although an indemnification agreement which purports to indemnify a party for its own negligence is void under General Obligations Law § 5-322.1, such an agreement does not violate that provision where, as here, it authorizes indemnification only to the extent permitted by law (*see Caballero v Benjamin Beechwood, LLC*, 67 AD3d 849 [2009]). Furthermore, the evidence submitted in opposition to the motion merely established that Howell undertook general duties to oversee the work and to ensure compliance with safety regulations, which is insufficient to raise a triable issue of fact as to whether the appellants were negligent and, therefore, were not entitled to contractual indemnification (*see Quilliams v Half Hollow Hills School Dist. [Candlewood School]*, 67 AD3d at 763; *Enriquez v B & D Dev., Inc.*, 63 AD3d 780 [2009]; *Mc-Leod v Corporation of Presiding Bishop of Church of Jesus Christ of Latter Day Sts.*, 41 AD3d 796, 798 [2007]).

The appellants' remaining contentions are without merit. Dillon, J.P., Santucci, Hall and Lott, JJ., concur.