Mejia v Cohn (2020 NY Slip Op 06773)





Mejia v Cohn


2020 NY Slip Op 06773


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2017-00853
 (Index No. 7799/12)

[*1]Edin Rigoberto Mejia, plaintiff-respondent,
v
Karen Cohn, et al., defendants third-party plaintiffs-appellants-respondents, Yeshiva Meor Hatalmud, third-party defendant-respondent-appellant.


Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Nicholas M. Cardascia of counsel), for defendants third-party plaintiffs-appellants-respondents.
Barry McTiernan & Moore LLC, (David H. Schultz of counsel), for third-party defendant-respondent-appellant.
Gorayeb & Associates, P.C., New York NY (John M. Shaw of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal, and the third-party defendant cross-appeals, from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 6, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action and denied those branches of the defendants third-party plaintiffs' cross motion which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action. The order, insofar as cross-appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, granted that branch of the defendants third-party plaintiffs' motion which was for summary judgment on the third-party cause of action for contractual indemnification, denied those branches of the third-party defendant's cross motion which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action, and denied that branch of the third-party defendant's cross motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On the afternoon of April 1, 2012, the plaintiff, an employee of the third-party defendant, Yeshiva Meor Hatalmud (hereinafter the yeshiva), was in the process of removing several trash bags from an elevated storage area in a building owned by the defendants, Karen Cohn and Josef Klein, and leased by the yeshiva. There is conflicting deposition testimony as to whether the plaintiff was instructed to plaster and paint the elevated storage area after removing these bags. To [*2]remove the bags, the plaintiff leaned a closed, wooden A-frame ladder against a wall underneath the elevated storage area. While standing five or six feet above the ground, the plaintiff allegedly was reaching for one of the bags when the ladder slipped out from under him, causing him to fall and sustain personal injuries.
The plaintiff commenced this action to recover damages for personal injuries against the defendants and the yeshiva. The complaint alleged violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. The defendants subsequently interposed a cross claim against the yeshiva for contractual indemnification. The caption was amended to reflect the dismissal of the direct cause of action against the yeshiva and the conversion of the cross claim into a third-party action.
The defendants moved, inter alia, for summary judgment on their third-party cause of action for contractual indemnification against the yeshiva. The plaintiff subsequently moved for summary judgment on the issue of liability against the defendants on the Labor Law §§ 240(1) and 241(6) causes of action. The yeshiva cross-moved for summary judgment dismissing the complaint and the third-party complaint. The defendants subsequently filed a separate cross motion for summary judgment dismissing the complaint.
In an order dated January 6, 2017, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action, denied those branches of the yeshiva's cross motion which were for summary judgment dismissing the complaint and the third-party complaint, and granted that branch of the defendants' motion which was for summary judgment on the third-party cause of action for contractual indemnification. The defendants appeal, and the yeshiva cross-appeals.
Contrary to the determination of the Supreme Court, the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action. The plaintiff testified that his supervisor told him that the elevated storage area in the hallway on the first floor needed to be cleaned and prepared so that it could be painted the next day. While "[p]ainting is a protected activity that need not [be] incidental to the other listed activities such as construction, repair, or alteration, to be covered by Labor Law § 240(1)" (Artoglou v Gene Scappy Realty Corp., 57 AD3d 460, 461 [internal quotation marks omitted]), and acts performed in preparation of painting are enumerated activities under Labor Law § 240(1) (see Loreto v 376 St. Johns Condominium, Inc., 15 AD3d 454, 455; Sozzi v Gramercy Realty Co. No. 2, 304 AD2d 555, 556), the plaintiff failed to establish that he was preparing the elevated storage area for painting at the time of the accident. Deposition testimony from the plaintiff's supervisor and several nonparty witnesses left unresolved a triable issue of fact as to whether the elevated storage area and the area where the plaintiff was working were to be painted around the time of the plaintiff's accident. Since the plaintiff failed to meet his prima facie burden, the sufficiency of the opposition papers need not be considered (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Thus, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action.
For similar reasons, we agree with the Supreme Court's determination denying those branches of the separate cross motions of the defendants and the yeshiva which were for summary judgment dismissing the Labor Law § 240(1) cause of action. While the yeshiva argued that the plaintiff was not painting at the time of his accident, the conflicting testimony submitted by the yeshiva failed to eliminate a triable issue of fact as to whether the plaintiff's injury occurred while he was performing work as part of the painting project at the school or as part of a nonenumerated activity.
We also agree with the Supreme Court's determination denying those branches of the separate cross motions of the defendants and the yeshiva which were for summary judgment dismissing the Labor Law § 241(6) cause of action. Painting is a specifically enumerated activity [*3]covered under the scope of Labor Law § 241(6) (see 12 NYCRR 23-1.4[b][13]; Pittman v S.P. Lenox Realty, LLC, 91 AD3d 738, 739). The conflicting testimony submitted by the defendants and the yeshiva, which included the plaintiff's account of his supervisor's instructions related to the elevated storage area, failed to eliminate a triable issue of fact as to whether the plaintiff's actions at the time of his injury were an integral part of the painting process contemplated by the parties (see Dixson v Waterways at Bay Pointe Home Owners Assn., Inc., 112 AD3d 884, 885). Accordingly, the court's denial of those branches of the cross motions was warranted, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
We agree with the Supreme Court's determination granting the defendants' motion for summary judgment on the third-party cause of action for contractual indemnification, and denying that branch of the yeshiva's cross motion which was for summary judgment dismissing that cause of action. "'The right to contractual indemnification depends upon the specific language of the contract'" (O'Donnell v A.R. Fuels, Inc., 155 AD3d 644, 645, quoting George v Marshalls of MA, Inc., 61 AD3d 925, 930; see Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807, 808). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (George v Marshalls of MA, Inc., 61 AD3d at 930; see Shea v Bloomberg, L.P., 124 AD3d 621, 622). "In addition, 'a party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor'" (Reisman v Bay Shore Union Free School Dist., 74 AD3d 772, 773, quoting Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662). Upon a party's prima facie showing of entitlement to contractual indemnification, the burden shifts to the party opposing the motion, who must raise a triable issue of fact as to the enforceability of the contractual indemnification clause (see Shea v Bloomberg, L.P., 124 AD3d at 623; Reisman v Bay Shore Union Free School Dist., 74 AD3d at 774).
Here, the deposition testimony submitted by the defendants established, prima facie, that they were free from negligence (cf. George v Marshalls of MA, Inc., 61 AD3d at 930; Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d at 662). In addition, a lease which included a comprehensive indemnification provision was in effect at the time of the accident. The defendants thus established their prima facie entitlement to judgment as a matter of law on their third-party cause of action for contractual indemnification (see Jara v Costco Wholesale Corp., 178 AD3d 687, 691; Marulanda v Vance Assoc., LLC, 160 AD3d 711, 712-713). In opposition, the yeshiva failed to raise a triable issue of fact as to the enforceability of the indemnification provision (see Gonzalez v Magestic Fine Custom Home, 115 AD3d 796, 798; Guryev v Tomchinsky, 114 AD3d 723, 725-726).
The parties' remaining contentions are without merit.
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court