Edmund-Hunter v Toussie (2021 NY Slip Op 00418)





Edmund-Hunter v Toussie


2021 NY Slip Op 00418


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2019-08279
 (Index No. 1476/16)

[*1]Nicole Edmund-Hunter, appellant,
v
Robert I. Toussie, respondent.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Eustace, Prezioso & Yapchanyk, New York, NY (Maureen E. Peknic and Christopher M. Yapchanyk of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated June 11, 2019. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
On January 17, 2016, between 10:15 and 10:20 p.m., the plaintiff allegedly slipped and fell on ice located on a stone walkway on the defendant's premises in Brooklyn. In February 2016, the plaintiff commenced this personal injury action against the defendant. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the storm-in-progress doctrine applied to this case. The Supreme Court granted the motion, and the plaintiff appeals.
"A defendant moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition" (Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d 1215, 1215). This burden may be satisfied by "presenting evidence that there was a storm in progress when the injured plaintiff allegedly slipped and fell" (Smith v Christ's First Presbyt. Church of Hempstead, 93 AD3d 839, 839-840). "Under the so-called 'storm in progress' rule, a property owner will not be held responsible for accidents occurring as a result of the accumulation of snow and ice on its premises until an adequate period of time has passed following the cessation of the storm to allow the owner an opportunity to ameliorate the hazards caused by the storm" (Marchese v Skenderi, 51 AD3d 642, 642; see Acocal v City of Yonkers, 179 AD3d 630; Allen v New York City Tr. Auth., 172 AD3d 1285, 1286).
Here, the defendant failed to establish, prima facie, that a storm was in progress at the time of the plaintiff's accident or that he did not have a reasonable opportunity after the cessation of the storm to remedy the allegedly dangerous condition (see Helms v Regal Cinemas, Inc., 49 [*2]AD3d 1287). According to the meteorological data submitted by the defendant in support of his motion, less than one-tenth of an inch of snow fell on the day of the incident, and snow stopped falling at least two hours prior to the incident. Contrary to the defendant's contention, section 16-123(a) of the Administrative Code of the City of New York does not apply to this case since the accident allegedly occurred on a private walkway as opposed to a public sidewalk (see Vosper v Fives 160th, LLC, 110 AD3d 544). Since the defendant failed to meet his initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court