Anderson v United Parcel Serv., Inc. (2021 NY Slip Op 02777)





Anderson v United Parcel Serv., Inc.


2021 NY Slip Op 02777


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-10570
 (Index No. 706307/13)

[*1]Sandra Anderson, appellant-respondent,
v
United Parcel Service, Inc., etc., defendant third-party plaintiff respondent-appellant; Adelis International Security, Inc., third-party defendant-respondent.


Adams S. Handler (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Brianna Walsh], of counsel), for appellant-respondent.
Kritzer Law Group, Smithtown, NY (David S. Kritzer of counsel), for defendant third-party plaintiff-respondent-appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (I. Elie Herman and Patrick J. Lawless of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant third-party plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered September 11, 2017. The order, insofar as appealed from, granted that branch of the defendant third-party plaintiff's motion which was for summary judgment dismissing the complaint. The order, insofar as cross-appealed from, granted the third-party defendant's cross motion for summary judgment dismissing the amended third-party complaint and denied that branch of the defendant third-party plaintiff's motion which was for summary judgment on the amended third-party complaint.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendant third-party plaintiff's motion which was for summary judgment dismissing the complaint, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting the third-party defendant's cross motion for summary judgment dismissing the amended third-party complaint, and substituting therefor a provision denying that cross motion; as so modified, the order is affirmed insofar as cross-appealed from, with one bill of costs to the plaintiff payable by the defendant third-party plaintiff.
At approximately 1:26 a.m. on January 1, 2011, the plaintiff, while working as a security guard for the third-party defendant, Adelis International Security, Inc. (hereinafter Adelis), allegedly slipped and fell on a patch of ice at the Uniondale facility of the defendant third-party plaintiff, United Parcel Service, Inc. (hereinafter UPS). Adelis, in a Guard Services Agreement (hereinafter the security contract) dated May 1, 2007, had agreed to provide security services at the Uniondale facility.
In December 2013, the plaintiff commenced this action to recover damages for [*2]personal injuries against UPS. Thereafter, UPS commenced a third-party action against Adelis. In an order entered September 11, 2017, the Supreme Court granted that branch of UPS's motion which was for summary judgment dismissing the complaint, denied that branch of UPS's motion which was for summary judgment on the amended third-party complaint, and granted Adelis's cross motion for summary judgment dismissing the amended third-party complaint. The plaintiff appeals, and UPS cross-appeals.
"A defendant moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition" (Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d 1215, 1215; see Steffens v Sachem Cent. Sch. Dist., 190 AD3d 1003; Edmund-Hunter v Toussie, 190 AD3d 946). "Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Castillo v Silvercrest, 134 AD3d 977, 977; see Steffens v Sachem Cent. Sch. Dist., 190 AD3d at 1003; Ahmetaj v Mountainview Condominium, 171 AD3d 683, 684). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon American Museum of Natural History, 67 NY2d 836, 837-838). "To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599; see Ahmetaj v Mountainview Condominium, 171 AD3d at 684). Mere reference to general cleaning and inspection practices is insufficient to establish a lack of constructive notice (see Zamora v David Caccavo, LLC, 190 AD3d 895; Saporito—Elliott v United Skates of Am., Inc., 180 AD3d 830, 832; Rodriguez v New York City Hous. Auth., 169 AD3d 947, 948).
Contrary to the Supreme Court's determination, UPS failed to demonstrate, prima facie, that it lacked constructive notice of the ice condition on which the plaintiff allegedly slipped and fell in the early morning of January 1, 2011 (see Steffens v Sachem Cent. Sch. Dist., 190 AD3d at 1003; Ghent v Santiago, 173 AD3d 693). In support of that branch of its motion which was for summary judgment dismissing the complaint, UPS failed to submit any evidence concerning the condition of the subject area after it had been cleared of snow and ice on December 29, 2010, or within a reasonable time prior to the plaintiff's fall on the morning of January 1, 2011 (see Steffens v Sachem Cent. Sch. Dist., 190 AD3d at 1003; Ghent v Santiago, 173 AD3d 693. UPS submitted evidence demonstrating that it ceased all snow removal efforts on December 29, 2010, in relation to a storm that dropped a significant amount of snow, and that the area where the plaintiff fell was free of ice at that time. However, it submitted no evidence as to when the area was inspected again between December 29, 2010, and the time of the plaintiff's accident more than two days later. Under the circumstances, triable issues of fact exist including whether the alleged ice condition that caused the plaintiff to slip and fall was visible and apparent, and whether it had existed for a sufficient length of time before the accident such that UPS could have discovered and corrected it (see Steffens v Sachem Cent. Sch. Dist., 190 AD3d at 1003). Since UPS failed to establish its prima facie entitlement to summary judgment dismissing the complaint, the Supreme Court should have denied that branch of UPS's motion regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Regarding the third-party action, "'[t]he right to contractual indemnification depends upon the specific language of the contract'" (O'Donnell v A.R. Fuels, Inc., 155 AD3d 644, 645, quoting George v Marshalls of MA, Inc., 61 AD3d 925, 930; see Mejia v Cohn, 188 AD3d 1035, 1038; Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807, 808). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (George v Marshalls of MA, Inc., 61 AD3d at 930; see Mejia v Cohn, 188 AD3d at 1038; Shea v Bloomberg, L.P., 124 AD3d 621, 622). "In addition, 'a party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor'" (Reisman v Bay [*3]Shore Union Free School Dist., 74 AD3d 772, 773, quoting Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662; see Mejia v Cohn, 188 AD3d at 1038). Upon a party's prima facie showing of entitlement to contractual indemnification, the burden shifts to the party opposing the motion, who must raise a triable issue of fact as to the enforceability of the contractual indemnification clause (see Mejia v Cohn, 188 AD3d at 1038; Shea v Bloomberg, L.P., 124 AD3d at 623; Reisman v Bay Shore Union Free School Dist., 74 AD3d at 774).
Given the language of the indemnification and defense provisions in the security contract and its accompanying rider, the amended third-party complaint must be reinstated in light of our determination to reinstate the complaint. As neither party established its prima facie entitlement to judgment as a matter of law, UPS was not entitled to summary judgment on the amended third-party complaint, and Adelis was not entitled to summary judgment dismissing the amended third-party complaint. Specifically, UPS failed to establish, prima facie, that the provisions of this particular security contract and its accompanying rider obligate Adelis to indemnify or defend it in the main action, as UPS's potential liability has not been established. Further, Adelis failed to establish, prima facie, its entitlement to judgment as a matter of law dismissing the amended third-party complaint since it failed to demonstrate, among other things, that UPS was solely negligent in the happening of the subject accident.
Accordingly, the Supreme Court properly denied that branch of UPS's motion which was for summary judgment on the amended third-party complaint, but erred in granting Adelis's cross motion for summary judgment dismissing the amended third-party complaint.
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court