Vilsaint v SL Green Realty Corp. (2021 NY Slip Op 03480)





Vilsaint v SL Green Realty Corp.


2021 NY Slip Op 03480


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-09889
 (Index No. 18569/12)

[*1]D'Jory Vilsaint, plaintiff, 
v
SL Green Realty Corp., et al., defendants third-party plaintiffs-appellants; Classic Security, LLC, third-party defendant-respondent.


Lester Schwab Katz & Dwyer, LLP, New York, NY (Paul M. Tarr of counsel), for defendants third-party plaintiffs-appellants.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Sean M. Prendergast of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated August 3, 2017. The order, insofar as appealed from, granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party cause of action for contractual indemnification, and denied that branch of the cross motion of the defendants third-party plaintiffs which was for summary judgment on the third-party cause of action for contractual indemnification.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced the main action to recover damages for personal injuries he sustained when he allegedly was assaulted in the lobby of an office building owned and managed by the defendants third-party plaintiffs (hereinafter collectively SL Green). At the time, the plaintiff was employed as a security guard by the third-party defendant, Classic Security, LLC (hereinafter Classic). Classic entered into a contract with SL Green to provide certain security services at the building.
SL Green subsequently commenced a third-party action against Classic, inter alia, for contractual indemnification. Classic moved for summary judgment dismissing the third-party complaint, and SL Green cross-moved for summary judgment on the third-party complaint. The Supreme Court, among other things, granted that branch of Classic's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification, and denied that branch of SL Green's cross motion which was for summary judgment on that cause of action. SL Green appeals.
"'The right to contractual indemnification depends upon the specific language of the contract'" (O'Donnell v A.R. Fuels, Inc., 155 AD3d 644, 645, quoting George v Marshalls of MA, Inc., 61 AD3d 925, 930; see Mejia v Cohn, 188 AD3d 1035, 1038; Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807, 808). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding [*2]circumstances" (George v Marshalls of MA, Inc., 61 AD3d at 930; see Shea v Bloomberg, L.P., 124 AD3d 621, 622).
Here, the indemnification provision in the subject contract, as relevant, obligated Classic to indemnify SL Green for claims resulting from the "acts, omissions or other conduct of Classic" or its employees, in connection with its performance of its contractual obligations. However, the parties' submissions demonstrated that the incident sued upon herein resulted not from the performance or nonperformance of any obligations of Classic, but from the alleged failure of SL Green to provide adequate security at the building, such as a buzzer and intercom system for the front door and/or the posting of additional security guards on the premises. The contract did not delegate to Classic the responsibility for making determinations as to those matters. Moreover, Classic was not the exclusive provider of security services at the premises, since SL Green also employed their own security personnel at the building.
Under the circumstances, the Supreme Court properly determined that Classic demonstrated, prima facie, that the governing contract did not require it to contractually indemnify SL Green with respect to this incident, and SL Green failed to raise a triable issue of fact in opposition to that showing (see Lopez v Consolidated Edison Co. of N.Y., 40 NY2d 605, 609; Davis v Catsimatidis, 129 AD3d 766, 768; Ramos v City of New York, 78 AD3d 418, 419). Accordingly, the court properly granted that branch of Classic's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification. For the same reasons, the court properly denied that branch of SL Green's cross motion which was for summary judgment on that cause of action.
MASTRO, J.P., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court