Mogrovejo v HG Hous. Dev. Fund Co., Inc. (2022 NY Slip Op 04300)

Mogrovejo v HG Hous. Dev. Fund Co., Inc.

2022 NY Slip Op 04300

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-00365
 (Index No. 712607/16)

[*1]Mateo Mogrovejo, respondent, 
v
HG Housing Development Fund Company, Inc., et al., defendants, Highland Green Residence, LLC, et al., appellants (and a third-party action).

Kennedys CMK LLP, New York, NY (Michael R. Schneider of counsel), for appellants.
O'Toole Scrivo, LLC, New York, NY (Joseph E. Hopkins and Sean Callahan of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Highland Green Residence, LLC, and D & F Construction Group, Inc., appeal from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered June 21, 2019. The order, insofar as appealed from, denied that branch of the motion of the defendants HG Housing Development Fund Company, Inc., D & F Development Group, LLC, Highland Green Residence, LLC, and D & F Construction Group, Inc., which was for summary judgment on the contractual indemnification cross claim of the defendants Highland Green Residence, LLC, and D & F Construction Group, Inc., against the defendant South Ocean Custom Framing Corp.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants HG Housing Development Fund Company, Inc., D & F Development Group, LLC, Highland Green Residence, LLC, and D & F Construction Group, Inc., which was for summary judgment on the contractual indemnification cross claim of the defendants Highland Green Residence, LLC, and D & F Construction Group, Inc., against the defendant South Ocean Custom Framing Corp. is granted.
The background facts and procedural history are more fully set forth in our decision and order on a related appeal (see Mogrovejo v HG Hous. Dev. Fund Co., Inc., ___ AD3d ___ [Appellate Division Docket No 2019-08050; decided herewith]). In 2016, the plaintiff commenced this action against the defendants HG Housing Development Fund Company, Inc. (hereinafter HG Housing), Highland Green Residence, LLC (hereinafter Highland Green), D & F Development Group, LLC (hereinafter D & F Development), D & F Construction Group, Inc. (hereinafter D & F Construction), and South Ocean Custom Framing Corp. (hereinafter South Ocean), asserting, inter alia, a cause of action alleging a violation of Labor Law § 240(1). HG Housing, Highland Green, D & F Development, and D & F Construction asserted a cross claim against South Ocean for contractual indemnification.
In December 2018, the plaintiff moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. By order entered June 21, 2019, the Supreme Court [*2]denied the plaintiff's motion for summary judgment, which we reversed (see Mogrovejo v HG Hous. Dev. Fund Co., Inc., ___ AD3d ___ [Appellate Division Docket No. 2019-08050; decided herewith]).
In March 2019, HG Housing, Highland Green, D & F Development, and D & F Construction moved for summary judgment on their cross claim for contractual indemnification against South Ocean. By order entered June 21, 2019, the Supreme Court denied the motion, determining, inter alia, that there were triable issues of fact regarding South Ocean's negligence and whether the plaintiff was the sole proximate cause of the accident. Highland Green and D & F Construction (hereinafter together the appellants) appeal. We reverse the order insofar as appealed from.
"The right to contractual indemnification depends upon the specific language of the contract" (George v Marshalls of MA, Inc., 61 AD3d 925, 930; see Reisman v Bay Shore Union Free School Dist., 74 AD3d 772, 773). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (George v Marshalls of MA, Inc., 61 AD3d at 930; see Hooper Assoc. v AGS Computers, 74 NY2d 487, 491-492). In addition, a party seeking contractual indemnification pursuant to a contract relative to the construction of a building must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor (see General Obligations Law § 5-322.1; Chuqui v Amna, LLC, 203 AD3d 1018, 1023).
Here, the appellants met their initial burden of demonstrating their entitlement to contractual indemnification. In support of their motion, the appellants submitted the subcontract between D & F Construction and South Ocean, which included an express indemnification clause in favor of Highland Green, as owner, and D & F Construction, as general contractor, which obligated South Ocean, "[t]o the fullest extent permitted by law," to indemnify the appellants "from and against any and all claims, lawsuits, accidents, damages, losses and expenses, including but not limited to attorney's fees, charges and expenses (hereinafter collectively referred to as "claims"), regardless of the cause or causes and the identity of the persons and/or entitles responsible for same, arising out of or in any way resulting from or related to the performance or nonperformance of [South Ocean's] work or its presence at the project site for any reason." The subcontract also expressly provided that South Ocean was required to indemnify the appellants for claims arising "in whole or in part and in any manner from the act, failure to [sic] omission breach or default by [South Ocean] and/or officers, directors, agents, employees, sub-subcontractors and suppliers in connection with the performance of this [s]ubcontract," which included the plaintiff's employer, Nivelo's Construction Corp. Thus, contrary to South Ocean's contention, the indemnification provision does not, by its terms, limit indemnification only to claims arising out of South Ocean's negligence in the performance of the work (see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178; Muhjaj v 77 Water St., Inc., 148 AD3d 1165, 1168; Mohan v Atlantic Ct., LLC, 134 AD3d 1075, 1078; Bermejo v New York City Health and Hosps. Corp., 119 AD3d 500, 503; Simone v Liebherr Cranes, Inc., 90 AD3d 1019, 1019; Tobio v Boston Props., Inc., 54 AD3d 1022, 1024). Although the subcontract provided that South Ocean was not required to indemnify the appellants against liability for "claims arising out of, caused by, resulting from or contributed to in whole or in part by the negligence of" the appellants, the appellants demonstrated that they did not have the authority to supervise or control the performance of the plaintiff's work and, therefore, were free from negligence (see Mohan v Atlantic Ct., LLC, 134 AD3d at 1078; Reisman v Bay Shore Union Free School Dist., 74 AD3d at 774).
In opposition, South Ocean failed to raise a triable issue of fact. The evidence submitted in opposition to the motion merely established that D & F Construction undertook general duties to oversee the work and to ensure compliance with safety regulations, which is insufficient to raise a triable issue of fact as to whether the appellants were negligent, and therefore, not entitled to contractual indemnification (see Gonzalez v Magestic Fine Custom Home, 115 AD3d 796, 798; Reisman v Bay Shore Union Free School Dist., 74 AD3d at 774; Quilliams v Half Hollow Hills School Dist. [Candlewood School], 67 AD3d 763, 765; Bink v F.C. Queens Place Assoc., LLC, 27 AD3d 408, 409). Further, for the reasons set forth in Mogrovejo v HG Hous. Dev. Fund Co., Inc. [*3](___ AD3d ___ [Appellate Division Docket No. 2019-08050; decided herewith]), South Ocean failed to raise a triable issue of fact as to whether the plaintiff was the sole proximate cause of the accident.
Accordingly, the Supreme Court should have granted that branch of the motion of HG Housing, D & F Development, Highland Green, and D & F Construction which was for summary judgment on the appellants' contractual indemnification cross claim against South Ocean.
To the extent that the appellants' brief purports to raise arguments on behalf of D & F Development and HG Housing, it has not been considered, as no notice of appeal was filed by those defendants (see Wasay v Alvi, 148 AD3d 1089, 1090-1091; Security Lending, Ltd. v New Realty Corp., 142 AD3d 986, 988).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court