Alvarenga v Castagna Realty Co., Inc. (2024 NY Slip Op 00607)

Alvarenga v Castagna Realty Co., Inc.

2024 NY Slip Op 00607

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2020-03948
 (Index No. 603404/16)

[*1]Jairon Alvarenga, plaintiff,
v
Castagna Realty Co., Inc., et al., respondents, Dimension One, Inc., appellant (and a third-party action).

Congdon, Flaherty, O'Callaghan, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley and Michael T. Reagan of counsel), for appellant.
Biedermann Hoenig Semprevivo, New York, NY (Elaine Chou and Sara Thompson of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Dimension One, Inc., appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated May 11, 2020. The order, insofar as appealed from, in effect, granted that branch of the motion of the defendants Castagna Realty Co., Inc., and Louis Vuitton USA, Inc., which was, in effect, for summary judgment on the cross-claim of the defendant Louis Vuitton USA, Inc., for contractual indemnification against the defendant Dimension One, Inc.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Castagna Realty Co., Inc., and Louis Vuitton USA, Inc., which was, in effect, for summary judgment on the cross-claim of the defendant Louis Vuitton USA, Inc., for contractual indemnification against the defendant Dimension One, Inc., is denied.
The plaintiff, an employee of Eagle Metals Corp., also known as Eagle Metals Corp, also known as Eagle Metals Corporation (hereinafter Eagle), allegedly was injured while removing steel beams from Eagle's flatbed delivery truck in the parking lot of a shopping mall owned by the defendant Castagna Realty Co., Inc. (hereinafter Castagna). The steel beams were being delivered for use in a renovation project, in which the defendant Dimension One, Inc. (hereinafter Dimension), was the general contractor, being performed at a store leased by the defendant Louis Vuitton USA, Inc. (hereinafter Louis Vuitton).
The plaintiff commenced this action to recover damages for personal injuries against Louis Vuitton, Castagna, and Dimension. In a verified answer, Louis Vuitton asserted, inter alia, a cross-claim for contractual indemnification against Dimension. Thereafter, Louis Vuitton and Castagna moved, among other things, in effect, for summary judgment on Louis Vuitton's cross-claim for contractual indemnification against Dimension. In an order dated May 11, 2020, the Supreme Court, inter alia, in effect, granted that branch of the motion of Louis Vuitton and Castagna which was, in effect, for summary judgment on Louis Vuitton's cross-claim for contractual indemnification against Dimension. Dimension appeals.
"A party's right to contractual indemnification depends upon the specific language of the relevant contract" (Shea v Bloomberg, L.P., 124 AD3d 621, 622; see Mejia v Cohn, 188 AD3d 1035, 1038). "A promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances" (Shea v Bloomberg, L.P., 124 AD3d at 622; see Mejia v Cohn, 188 AD3d at 1038). Here, the contract between Dimension and Louis Vuitton provided that Dimension was required to indemnify Louis Vuitton for all claims for damages "arising out of or resulting from performance of the Work . . . to the extent caused by the negligent acts or omissions of [Dimension], a Subcontractor, [or] anyone directly or indirectly employed by them." Since Louis Vuitton and Castagna failed to eliminate all triable issues of fact regarding whether the plaintiff's injuries were caused by the negligent acts or omissions of Eagle or any individual employed by it, the Supreme Court should have denied that branch of their motion which was, in effect, for summary judgment on Louis Vuitton's cross-claim for contractual indemnification against Dimension (see Palaguachi v Idlewild 228th St., LLC, 197 AD3d 1321, 1323; Fritz v Sports Auth., 91 AD3d 712, 713-714; Martinez v City of New York, 73 AD3d 993, 999).
The remaining contentions of Louis Vuitton and Castagna are either improperly raised for the first time on appeal or without merit.
CONNOLLY, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court